IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM MAVERICK WINSLOW, SPECIAL AGENT, DEPARTMENT OF THE ARMY, | § § § § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 4:17-CV-057-A |
| KEN PAXTON, ATTORNEY GENERAL, ET AL., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action was initiated January 19, 2017, by the filing of a Prisoner's Civil Rights Complaint by plaintiff, William Maverick Winslow, who identifies himself in the style of his complaint as "Special Agent, Department of the Army." The court has concluded that such complaint, and all purported claims and causes of action asserted therein, should be dismissed sua sponte pursuant to the authority of 28 U.S.C. § 1915A(b).

I.

Statutory and Case Authorities for the *Sua Sponte* Dismissal

Plaintiff is a prisoner who is seeking redress from a governmental entity or officer or employee of a governmental entity. Section 1915A of Title 28 United States Code obligates the court "to review, before docketing, if feasible, or, in any

event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In pertinent part, § 1915A(b) provides as follows:

> On review, the court shall . . . dismiss the complaint . . . if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Factors to be considered in determining whether the court should dismiss a case for one of the statutory reasons mentioned above are as follows:

A.  Frivolousness

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

When evaluating the frivolousness issue, the court is to bear in mind that the § 1915 review provisions for possible sua sponte dismissal are "designed largely to discourage the filing

2

of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits . . . ." Id. at 327. To that end, the statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992).

With respect to a district court's evaluation as to whether facts alleged are "clearly baseless," the Supreme Court in Denton, in response to a request that it define the "clearly baseless" guidepost with more precision, said "we are confident that the district courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category," and thus declined "the invitation to reduce the 'clearly baseless' inquiry to a monolithic standard." Denton, 506 U.S. at 33 (citation omitted).

B. Maliciousness

There are court decisions upholding a sua sponte dismissal for maliciousness pursuant to the authority of § 1915 where the action before the court "involves a duplicative action arising from the same series of events and alleging many of the same

3

facts as an earlier suit." See, e.g., Brown v. Texas Bd. of Nursing, 554 F. App'x 268, 269 (5th Cir. 2014). In Ballentine v. Crawford, 563 F. Supp. 627, 628-29 (N.D. Ind. 1983), the court held that "a complaint plainly abusive of the judicial process is properly typed 'malicious' within the context of Section 1915(d) which authorizes immediate dismissal of the same." A suit brought for the purpose of harassing the defendants is brought maliciously. Daves v. Scranton, 66 F.R.D. 5, 8 (E.D. Pa. 1975).

C. Failure to State a Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are

4

unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Id.</u> To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Twombly</u>, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

The pleading standards stated above apply separately to each claim and each defendant in a plaintiff's complaint.

D.   <u>Immunity From Relief</u>

Plaintiff fails to make any allegations that sensibly describe any conduct of any defendant he names in such a way that the reader of the complaint can determine what any of the defendants did that caused them to be sued by plaintiff. The allegation is made that defendant Sharon Wilson is District Attorney, Tarrant County, Texas. If plaintiff were to be

5

complaining of any conduct on her part related to her duties as a prosecutor, she would be subject to immunity from suit. If the undersigned were being sued for judicial conduct, the undersigned would be immune from suit. There is no way to determine from the wording of the complaint why he has sued Sharon Wilson.

His description in the complaint of the acts or omissions of the undersigned which he claimed harmed him are just as meaningless.[1]

The only conduct of the undersigned plaintiff mentions in a comprehensible way is under the heading "PREVIOUS LAWSUITS" on page 2 where he mentions a lawsuit he filed on December 16, 2016, that was assigned to the undersigned and was dismissed on December 20, 2016.[2]

---

[1] His description of the acts or omissions of the undersigned which he claimed harmed him was as follows:
    Violation of the Organized Crime Control Act of 1970
    Violation of U.S. Supreme Court Decision Baker 1962 U.S. Supreme Court
    Violation of Sections 792, 793, 794 of Title 18 U.S.C.
    Aided and Abetted, Section 2 of Title 18 U.S.C. Espionage
    Pattern of Racketeering Activity Relating to Nuclear Material, in Violation of Section 831 of Title 18 U.S.C.
    Section 1962 of Title 18 U.S.C., the Atomic Energy Act of 1954
    Misprision of Felony Did Violate Section 4 of Title 18 U.S.C., Aided and
    Violations of the Foreign Agents Registration Act of 1938, the Internal Security Act of 1950, the Subversive Activities Control Act of 1950
    The Communist Control Act of 1954.
Doc. 1 at 3, ¶ IV.B., Def. #5.

[2] The defendants plaintiff named in the December 2016 lawsuit, which was docketed as Case No. 4:16-CV-1147-A, were Ken Paxton, Attorney General of Texas, and Dean [sic] Anderson, Sheriff of Tarrant County, Texas. In that action he appeared to be complaining of his prosecution in Tarrant County, Texas, of the offense of aggravated assault/deadly weapon. Apparently the instant action is something of a continuation of the dismissed action.

II.

## Recusal Would Not Be Appropriate

The undersigned has considered whether there is any reason why the undersigned should recuse in this action. In reaching the decision not to recuse, the undersigned is mindful of the principle that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." United States v. Cooley, 1 F.3d 985, 994 (10th Cir. 1993) (internal quotation marks omitted).

Also, the undersigned is giving effect to the principles that: "absolute immunity is properly viewed as immunity from suit rather than a mere defense to liability," Boyd, 31 F.3d at 284 (internal quotation marks and emphasis omitted); "immunity [is] a threshold question, to be resolved as early in the proceedings as possible"; and "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damage action," id. (internal quotation marks omitted).

In Graves v. Hampton, the Fifth Circuit held that "[a] claim is based upon an indisputably meritless legal theory if the defendants are immune from suit." 1 F.3d 315, 317 (5th Cir. 1993). Thus, as a matter of law, the undersigned should not be a defendant in this lawsuit, and the decision of the undersigned

not to recuse cannot have any legal bearing on the undersigned's potential liability inasmuch as it is indisputable that there is no potential that the undersigned has any liability. The ruling of the court as to the other defendants has not been influenced by the fact that the undersigned is named as a defendant. If the undersigned were to recuse, as a matter of law the rulings of the replacement judge would have to be the same as the undersigned's.

If the undersigned were to recuse, judicial resources would be wasted by the reassignment of this action to another judge. This undoubtedly would serve as something of a reward to plaintiff for his inappropriate litigation conduct. The Fifth Circuit has made clear that a judge is not disqualified because a litigant sues the judge. See Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993); see also Olsen v. Wainwright, 565 F.2d 906, 907 (5th Cir. 1978); United States v. Grismore, 564 F.2d 929, 933 (5th Cir. 1977) (stating that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him").

III.

Dismissal is Mandatory

As noted above, § 1915A(b) requires a court to dismiss a complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Each and every one of

those grounds exists for dismissal of plaintiff's complaint and whatever claims or causes of action he might be purporting to assert in the complaint. The fact is, the court cannot discern from a study of the complaint that plaintiff has alleged anything that could be identified as defining a claim against any of the defendants. He named as defendants Ken Paxton, Attorney General, Sharon Wilson, The State of Texas, Dee Anderson, Sheriff of Tarrant County, Texas, and the undersigned. But in the sections of the complaint where he is called upon to describe the act or omission of each defendant which he claimed harmed him, he provided nothing but gibberish and citations to statutes, etc., without any explanation as to how any of the cited material pertains to anything having to do with any of the defendants. His "STATEMENT OF CLAIM" on page 4 of his complaint does not provide clarification. Plaintiff's complaint and anything that he might have intended to be a claim or cause of action stated in it must be dismissed because of frivolousness, maliciousness, and failure to state a claim upon which relief may be granted. As to two defendants who have potential immunity from suit, each has absolute immunity if plaintiff has in mind either of them has liability to him for anything she or he did in an official capacity.

IV.

Order

Therefore,

The court ORDERS that the complaint by which the above-captioned action was initiated, and anything in it that plaintiff intended to be a claim or cause of action, be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. § 1915A(b).

SIGNED January 20, 2017.

_____
JOHN McBRYDE
United States District Judge